UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN JONES,

       Plaintiff,

v.

       Case No. 2:20-cv-11406
       Honorable Victoria A. Roberts

MICHIGAN DEPT. OF CORRECTIONS,
MS. COLLINS, J. BROWN, LT. CHURCH,
JOHNNIE MAE WILLIAMS, DR. A. TRAN,
LPN CATES, and M. SILER,

       Defendants.
_____/

**OPINION AND ORDER**

**(1) GRANTING PLAINTIFF'S APPLICATION
TO PROCEED WITHOUT PREPAYING FEES AND COSTS,**

**(2) DIRECTING THE DEPARTMENT OF CORRECTIONS TO CALCULATE AND
WITHDRAW PARTIAL PAYMENTS OF THE FILING FEE FROM PLAINTIFF'S
ACCOUNT AND TO FORWARD THESE AMOUNTS TO THE CLERK OF THE
COURT,**

**(3) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL,**

**AND (4) DISMISSING DEFENDANTS A. TRAN, MS. SILER, AND
THE MICHIGAN DEPARTMENT OF CORRECTIONS FROM THIS LAWSUIT**

Plaintiff Benjamin Jones, a state prisoner at the Woodland Center Correctional Facility in Whitmore Lake, started this case by writing two letters to the Court. The Court ordered him to file an amended complaint and to pay the filing fee or to apply for permission to proceed without prepaying the fees and costs for this action. Plaintiff complied with the Court's order. The Court now addresses Plaintiff's amended complaint, which includes an application to proceed without prepaying fees and costs, and his motion

for appointment of counsel. For reasons given below, the Court: (1) grants the application to proceed without prepaying fees and costs; (2) directs the Michigan Department of Corrections to calculate and withdraw partial payments of the filing fee from Plaintiff's prison account and to forward these amounts to the Clerk of this Court; (3) denies Plaintiff's motion for appointment of counsel; and (4) dismisses defendants Tran, Siler, and the Michigan Department of Corrections from this lawsuit.

## I. Background

Plaintiff initially filed two letters that were addressed "To Whom This [or These Words] May Concern." (ECF No. 1, PageID.1, 3.) In the first letter, which is dated May 11, 2020, Plaintiff asked for help because corrections officer J. Brown allegedly assaulted him at the Woodland Center Correctional Facility on August 17, 2019. *Id.* at PageID.1. Plaintiff also alleged that Brown wrote a misconduct ticket about him, that he was locked in a room for twelve days due to the misconduct report, and that the report was later "thrown out" because of Brown's lie. *Id.*

In the second letter, which is dated May 17, 2020, Plaintiff reiterated that he was assaulted by J. Brown on August 17, 2019. *Id.* at PageID.3. Plaintiff also stated, among other things, that a nurse denied him dialysis on July 15, 2019, that Lieutenant Neil Church threatened him on April 18, 2020, and that some members of the staff write lies in prison misconduct reports about prisoners. *Id.*

The Clerk of Court treated Plaintiff's letters as a civil rights complaint and opened this case. But Plaintiff did not pay the filing fee for his complaint; nor did he apply for permission to proceed without prepayment of the filing fee. Accordingly, on July 16, 2020, the Court ordered Plaintiff to prepay the filing fee or to file an application to proceed

without prepaying the fees and costs for this action. (ECF No. 3, PageID.17.) In the same order, the Court directed Plaintiff to submit a proper complaint with a short and plain statement of his claims. *Id.*

On July 28, 2020, Plaintiff filed an amended complaint, which includes an application to proceed without prepaying fees and costs. (ECF No. 5.) The defendants named in the amended complaint are the Michigan Department of Corrections, Ms. Collins, J. Brown, Lt. Church, Johnnie Mae Williams, Dr. A. Tran, LPN Cates, and M. Siler.

Plaintiff alleges that defendant Brown used excessive force when he pushed Plaintiff in the chest, and after Plaintiff stated that he intended to file a grievance against Brown for assaulting him, Brown threatened to file a misconduct report about Plaintiff. *Id.* at PageID.31. According to Plaintiff, Brown and Ms. Collins subsequently falsified misconduct reports about Plaintiff in retaliation for the grievance that Plaintiff said he was writing about Brown. *Id.* at PageID.32. Additionally, Ms. Collins denied him two meals, recreation for more than sixty days, and a shower for more than 100 days to punish him for filing, or threatening to file, a lawsuit against the staff. *Id.*

Plaintiff states that Lieutenant Church is Ms. Collins' supervisor and that Church agreed to find Plaintiff guilty of all bogus misconduct reports written about Plaintiff. *Id.* Plaintiff claims that he was found guilty of all the misconduct reports written about him after Church made this admission. *Id.* at PageID.33.

Plaintiff alleges that LPN Cates participated in the conspiracy and that RN Johnnie Mae Williams denied him dialysis on July 15, 2019, because he refused a medical assessment. *Id.* Plaintiff seeks money damages from the defendants in their individual

3

capacities for alleged violations of his rights under the First and Eighth Amendments to the United States Constitution. *Id.* at PageID.30-31, 33-34.

## II. Discussion

### A. The Application to Proceed without Prepaying Fees and Costs

Plaintiff alleges in his financial application that, although he has no debts or dependents, he has no income or cash in a checking or savings account and that he does not own anything of value. (ECF No.5, PageID.43-44.) Further, the acting facility manager at the Woodland Center certified on July 16, 2020, that for the reported period, Plaintiff had average monthly account deposits of zero, an average monthly account balance of negative $2.82, and a current spendable account balance of zero. *Id.* at PageID.45.

The Court concludes that Plaintiff is indigent and that he should be permitted to proceed without prepaying the filing fee for this action. Nevertheless, because Plaintiff is a prisoner, he must pay the full filing fee even if he pays on an installment basis. 28 U.S.C. § 1915(b)(1).

Accordingly, the Court orders the Michigan Department of Corrections to calculate and, when funds exist, withdraw an initial partial filing fee from Plaintiff's prison account. The initial partial filing fee shall consist of twenty percent of the greater of (1) the average monthly deposits to Plaintiff's prison account or (2) the average monthly balance in Plaintiff's account for the six-month period immediately preceding the filing of the complaint. *Id.* The Department of Corrections shall forward the initial partial filing fee to the Clerk of this Court.

4

After Plaintiff pays an initial partial filing fee, he must make monthly payments of twenty percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The Department of Corrections shall forward monthly payments from Plaintiff's prison account to the Clerk of the Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. *Id.*

### B. The Motion for Appointment of Counsel

Plaintiff filed a motion for appointment of counsel in which he states that he is unable to retain counsel, that he has no knowledge of the law or the rules of discovery, and that he has no access to a law library. He also contends that counsel will be able to cross-examine witnesses better than he could. (ECF No.4, PageID.26-28.)

Although a district court may appoint counsel for indigent civil litigants, *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993), there is no constitutional right to appointment of counsel in a civil proceeding, *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). "The appointment of counsel in a civil proceeding . . . is justified only in exceptional circumstances," and when determining whether exceptional circumstances exist, "courts typically consider 'the type of case and the ability of the plaintiff to represent himself.' " *Lanier*, 332 F.3d at 1006 (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)).

There are no exceptional circumstances here, as Plaintiff's case is not particularly complex, and he demonstrated an ability to represent himself when he filed his amended complaint. Accordingly, the Court denies Plaintiff's motion for appointment of counsel.

### C. Dismissal of A. Tran, Ms. Siler, and the Department of Corrections

An amended complaint normally supersedes an earlier complaint. *Pac. Bell Tel. Co. v. LinkLine Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009); *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013). The Court must screen and dismiss a complaint or any portion of a complaint that is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). "[A] complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A judge may dismiss "claims whose factual contentions are clearly baseless" or "based on an indisputably meritless legal theory." *Id.* at 327.

Plaintiff named the Michigan Department of Corrections as a defendant in his amended complaint. The Eleventh Amendment, however, bars suits against a state or one of its agencies or departments unless the state has consented to suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the

state and its departments, by citizens of another state, foreigners or its own citizens.' " *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)).

"The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983." *Thiokol Corp.*, 987 F.2d at 383 (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). Accordingly, the Court dismisses the Michigan Department of Corrections from this lawsuit.

As for defendants A. Tran and M. Siler, Plaintiff does not allege in his amended complaint what those defendants did to violate his constitutional rights. Although he does allege that all the defendants retaliated against him and conspired to punish him for seeking redress of his grievance, ECF No. 5, PageID.33, ¶¶ 15, 17, damage claims for alleged violations of constitutional rights cannot be founded on conclusory, vague, or general allegations; instead the plaintiff must show what *each* defendant did to violate the plaintiff's rights. *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). Stated differently, it is not enough for a civil rights complaint

> to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of . . . law. Some factual basis for such claims must be set forth in the pleadings. *Place v. Shepherd,* 446 F.2d 1239 (6th Cir. 1971).

*Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (ellipsis added). Conclusory allegations, without supporting facts, simply do not state a plausible claim for relief in a civil rights action. *Agema v. City of Allegan*, 826 F.3d 326, 333 (6th Cir. 2016) (citing

7

*Iqbal*, 556 U.S. at 680). Accordingly, the Court dismisses defendants A. Tran and M. Siler from this lawsuit.

### III. Conclusion and Order

For the reasons given above, the Court:

` (1) grants Plaintiff permission to proceed without prepaying the filing fee for this action;

(2) directs the Michigan Department of Corrections to calculate and forward an initial partial filing fee and subsequent payments from Plaintiff's account to the Clerk of this Court until Plaintiff has paid the full filing fee for this action;

(3) denies Plaintiff's Motion for Appointment of Counsel; and

(4) dismisses defendants A. Tran, M. Siler, and the Michigan Department of Corrections from this lawsuit.

                                                s/ Victoria A. Roberts  
                                                VICTORIA A. ROBERTS  
Dated: 1/14/2021                      UNITED STATES DISTRICT JUDGE